DECISION AND JOURNAL ENTRY
Appellant/Cross-Appellee, Pamela Carestia, appeals from an order of the Wayne County Court of Common Pleas granting the Appellee/Cross-Appellant, Richard Carestia, a divorce. Because the parties have attempted to appeal from an order that is not final within the meaning of R.C. 2505.02, this appeal is dismissed.
On September 13, 1999, the trial court ordered:
 14. PENSION/RETIREMENT ACCOUNTS. The retirement savings plan with Rubbermaid as well as the Rubbermaid Clark-Bardes Deferred Compensation Plan and the Rubbermaid Supplemental Retirement Account, all shall be divided equally between the parties by Qualified Domestic Relations Order. Said order shall give one-half to each party and shall grant to the [Appellee] any and all benefits available to [Appellant] under these plans. Said order shall comply with the requirements of the plan trustee. Said Qualified Domestic Relations Orders shall be submitted within 30 days of the date of the order of this court. The 1993 Deferred Compensation Plan shall be divided equally between the parties. [Appellee] shall receive his Catholic Diocese Pension and his New Jersey State Teachers Retirement Account (marital and non-marital), free and clear of any claim of [Appellant].
 The record does not indicate that a Qualified Domestic Relations Order has been filed as set forth in the trial court's order.
This Court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders[.]" R.C. 2501.02. Without the journal entry establishing the Qualified Domestic Relations Order dividing the Rubbermaid pension plan and deferred compensation plan, no final appealable order exists. Kofol v.Kofol (June 17, 1999), Cuyahoga App. No. 74191, unreported, 1999 Ohio App. LEXIS 2726, at *2. Therefore, this court does not have jurisdiction to rule on this appeal.
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT BAIRD, P.J., CARR, J. CONCUR.